## Case No. 16,739a.

### UNITED STATES v. WINN.

[Brunner, Col. Cas. 519; 1 1 Law Rep. 63.]

Circuit Court, D. Massachusetts. May Term, 1838.

#### SEAMEN—AUTHORITY OF MASTER.

A seaman has a right to refuse to inflict punishment on one of the crew, unless some justifiable cause is pointed out to him.

The defendant was charged with having imprisoned, on board the ship Eliza, of Salem, "with force and arms, and from malice, hatred, and revenge, and without justifiable cause," John B. Bassett, the first mate of the said ship, for the term of three months from the 10th day of February, 1836, and also for the term of three months from the 17th of October, 1836. The indictment was founded upon the act of March 3, 1835, § 3 [4 Stat. 776], which provides that "if any master or other officer of any American ship or vessel on the high seas, or on any other waters within the admiralty and maritime

1 [Reported by Alfred Brunner, Esq., and here reprinted by permission.]

jurisdiction of the United States, shall, from malice, hatred, or revenge, and without justifiable cause, beat, wound, or imprison, any one or more of the crew of such ship or vessel, or withhold from them suitable food and nourishment, or inflict upon them any cruel and unusual punishment, every such person so offending shall," etc. From the testimony of Bassett, which was confirmed in many respects by other witnesses, it appeared that when the ship was near the Feejee Islands, in February, 1836, Captain [John D.] Winn took offense at something he did and ordered him below. Soon afterwards he ordered him to set the evening watch, but witness refused to go upon deck, alleging that he had been sent from his duty with dishonor, and could not return unless he was honorably reinstated. Next morning Captain Winn imprisoned him in his room, which was very small, and ordered him to be kept on short allowance—a pound of beef and a pound and a half of yams per day. He also ordered the skylight to be darkened, and witness remained in this situation about three months. His food was brought to him but once in twenty-four hours, and at different parts of the day, sometimes in the morning, sometimes in the evening, and sometimes not at all. The weather was so warm that he was obliged to keep naked all the time, and then his distress for want of pure air was very great, and the vermin were extremely annoying. The witness detailed several other circumstances attending his imprisonment which were disgusting, and need not be stated here. He finally returned to duty, but afterwards had more trouble with the captain, and was again confined in the same place for three months.

Choate & Lord, for defendant, declined arguing the case to the jury, but contended as matter of law that the defendant was not liable on the act of 1835. That act provided for the punishment of the master or other officer who should beat, wound, or imprison, etc., any one or more of the crew, thereby making a distinction between the "master," "other officers," and "the crew," and not contemplating a case like the present, where the "master" was charged with imprisoning one of the officers. The act was intended merely for the protection of the crew from an abuse of power by those placed over them.

Mr. Mills, for the United States.

Before STORY, Circuit Justice, and DAVIS, District Judge.

STORY, Circuit Justice. I am clearly of opinion that the defendant is liable on the act of 1835. I think the act was intended to protect every individual composing the ship's crew, in the ordinary acceptation of the term, from an abuse of power by those placed in higher authority; and that, while

the ordinary seamen are protected from injury by the "master or other officer," the inferior officers have a like protection from injury by the master of the ship.

DAVIS, District Judge, assented to this opinion, and the jury returned a verdict of guilty.

In the course of this trial it appeared that the captain, in a state of intoxication, once ordered the mate to punish one of the crew with great severity, which the latter refused to do, alleging that he saw no sufficient reason for such a course. Mr. Justice STORY took occasion to remark that the refusal of the mate was perfectly justifiable under the circumstances. There was a limit to the authority of the master, and the crew were not bound to inflict punishment upon his mere caprice. Any seaman had a right ·to refuse to inflict punishment, unless some justifiable cause was pointed out to him. He had a right to do this for his own protection.

[A motion for a new trial was subsequently denied. Case No. 16,740.]